Matter of McHolder (Brooklyn Union Gas Co.--Commissioner of Labor) (2020 NY Slip Op 03158)





Matter of McHolder (Brooklyn Union Gas Co.--Commissioner of Labor)


2020 NY Slip Op 03158


Decided on June 4, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 4, 2020

528696

[*1]In the Matter of the Claim of Kathy McHolder, Appellant. Brooklyn Union Gas Co., Doing Business as National Grid, New York, Respondent. Commissioner of Labor, Respondent.

Calendar Date: May 22, 2020

Before: Garry, P.J., Lynch, Clark, Devine and Reynolds Fitzgerald, JJ.


Kathy McHolder, Hampton, Georgia, appellant pro se.
Bond, Schoeneck & King, PLLC, Syracuse (Stephanie H. Fedorka of counsel), for Brooklyn Union Gas Co., respondent.
Letitia James, Attorney General, New York City (Linda D. Joseph of counsel), for Commissioner of Labor, respondent.



Garry, P.J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 28, 2018, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because she was terminated due to misconduct.
In 2018, upon its own motion, the Unemployment Insurance Appeal Board reopened its prior 1991 decision in claimant's case for the purpose of determining whether there had been compliance with the procedural safeguards and checklist set forth in the consent judgment in Municipal Labor Comm. v Sitkin (1983 WL 44294, 1983 US Dist LEXIS 15013 [SD NY, Aug. 1, 1983, 79 Civ. 5899]). Upon doing so, the Board, in an August 2018 decision, identified two due process errors that occurred at the original hearing, but found that those procedural errors did not affect the outcome of claimant's case. As such, the Board declined to review the underlying merits of the case and adhered to its prior decision finding, among other things, that claimant was disqualified from receiving unemployment insurance benefits because she lost her employment through misconduct. Claimant appeals from the August 2018 decision.
In 2019, while this appeal was pending, the Board sua sponte reopened its August 2018 decision pursuant to Labor Law § 534 to remedy the due process errors that occurred at the underlying hearings in 1990 and 1991, and, upon request, this appeal was held in abeyance pending the Board's further proceedings. In an August 2019 decision, the Board adhered to its August 2018 decision, which affirmed the underlying Board decision disqualifying claimant from receiving benefits. This appeal was subsequently restored to the Court's calendar.
We affirm. On this appeal, claimant fails to allege any procedural violations, address the procedural checklist violations/errors identified by the Board or otherwise challenge the remedy applied by the Board upon reopening. Therefore, we find no reason to disturb the Board's decision (see Matter of Della Croce [Commissioner of Labor], 275 AD2d 850, 850 [2000]; Matter of James [Commissioner of Labor], 273 AD2d 523, 523 [2000]; Matter of Shindelman [Commissioner of Labor], 269 AD2d 727, 727 [2000]; Matter of Mizzi [Commissioner of Labor], 259 AD2d 825, 826 [1999]). We also note, consistent with the checklist and remediation standards, that the Board appropriately remedied the procedural violations that it identified by disregarding the testimony not subject to cross-examination and the testimony for which the claimant did not receive sufficient assistance in her cross-examination (cf. Matter of Thomas [Commissioner of Labor], 159 AD3d 1211, 1211 [2018]). As the Board took appropriate remedial action and found that the due process errors did not affect the outcome of the case, the Board was not required to reconsider the merits of the matter. As the merits of claimant's case were not addressed upon reopening, we decline to address the merits here (see Matter of Gandhi [Sweeney], 227 AD2d 722, 723 [1996]; Matter of Blinder [Sweeney], 216 AD2d 654, 654 [1995], lv denied 86 NY2d 711 [1995]). Accordingly, the Board's decision is upheld.
Lynch, Clark, Devine and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.